# UNITED STATES

*v.*

# FELIPE ALVAREZ ET AL.

---

San Juan, Criminal, No. 1528.

### KNOWLEDGE OF MISUSE OF AUTOMOBILE.

Volstead Law—Husband as Chauffeur.

    1. If a wife owns an automobile and the husband acts as chauffeur, his misuse will infect the machine itself, despite her personal ignorance.

Volstead Law—Lien for Purchase Price.

    2. The holder of a lien for purchase money, ignorant of the misuse of the machine, will be protected to the extent of his lien.

Opinion filed April 6, 1921.

---

*Mr. Miles M. Martin,* United States District Attorney, for the Government

*Mr. John L. Gay* for claimant.

HAMILTON, Judge, delivered the following opinion:

United States v. Alvarez.

In the case of United States v. One Auto Ford, ante, 195, it has been held that ignorance by the owner of the use made of an automobile is good cause to be shown against its forfeiture. The question in the present case is whether there is such ignorance.

1. The facts brought out upon the trial show that the claimant Rosa Rosario lived with the defendant Domenich and is to be presumed to be his wife. While she owned the automobile he operated it, and it would be a very far-fetched presumption to suppose that she did not know the use actually made of it. Apart from this, however, under the Valdivieso Case the owner is chargeable with what his chauffeur, who is in charge of an automobile used, does, as in this case for public transportation. The defendant, Vicente Domenich, the chauffeur and supposed husband, having been convicted of transporting liquor in the automobile, no good cause seems to be shown by the claimant Rosa Rosario against this condemnation. This will therefore be ordered.

2. It would seem, however, that one Luis Hernandez Medina appears to set up a lien upon the automobile, originating in part in a claim for $40 unpaid purchase price due by Rosa Rosario and guaranteed by him. There is nothing to connect this claimant with the misuse of the automobile and whatever are his proper charges should be paid out of the proceeds. It would seem to be too early to determine the amount of his claim. That should properly come when the proceeds are in court, for the lien, whatever it may be, is under the law transferred to the proceeds.

The amount in question being small and the same attorney representing Rosa Rosario and Hernandez, the court trusts

that there will be an agreed sum which may be incorporated in the judgment for the claimant Hernandez. A reference or further hearing might exhaust the little fund itself. And in passing it might be said that the expense of repairs cannot be said to create a lien. So far as appears in the pleadings at present the claim of Hernandez was limited to $40, but the claimants would seem to be perfectly competent to come to some agreement on this subject and agree upon what should be awarded.

The result is that the claim of Rosa Rosario is denied, and the marshal will proceed to sell the automobile by public auction, and after deducting the expenses for keeping the property, the fee for seizure, and the cost of sale, shall deposit the net proceeds in court for future adjudication of liens.

It is so ordered.